THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELTON MASON, an individual, dba WASHINGTON STATE TRUCKING, a sole proprietorship,<br><br>Plaintiffs,<br><br>vs.<br><br>SEATTLE TUNNEL PARTNERS, a Joint Venture, Dragados, USA, and Tutor Perini Corporation,<br><br>Defendants. | Case No. 2:17-cv-00186-MJP<br><br>ORDER GRANTING DEFENDANTS SEATTLE TUNNEL PARTNERS, A JOINT VENTURE, DRAGADOS USA, INC., AND TUTOR PERINI CORPORATION'S MOTION TO COMPEL<br><br>**NOTED FOR HEARING: FRIDAY, AUGUST 17, 2018** |

1   The Court has now considered the following materials regarding Defendants Seattle Tunnel
2   Partners, a Joint Venture, Dragados USA, Inc., and Tutor Perini Corporation's ("the STP
3   Defendants") Motion to Compel:

- The STP Defendants' Motion to Compel (Dkt. No. 63), as well as the supporting declaration and all attached exhibits;
- Plaintiff's opposition to the motion (Dkt. No. 66), as well as any supporting declaration and attached exhibits;
- The STP Defendants' Reply Brief (Dkt. No. 70), including any supporting declaration and attached exhibits; and
- All other relevant pleadings and orders on file in this case.

Having reviewed these materials, the Court is now prepared to rule as follows: IT IS HEREBY ORDERED that Defendants' Motion to Compel is GRANTED as set forth below.

IT IS FURTHER ORDERED that Plaintiff shall supplement his discovery responses within 7 days of this Order, including specifically as set forth below:

- Plaintiff shall provide a supplemental response to Interrogatory No. 3 identifying with certainty all cases to which he has been a party, including the general subject matter and outcome of each case;
- Plaintiff shall provide a supplemental response to Interrogatory Nos. 6 and 8, including identifying with certainty the Chase Bank account held by either Plaintiff Elton Mason or his company, Washington State Trucking, from January 2012 to February 2015, and the account number(s) for that account;
- Plaintiff shall provide a supplemental response to Interrogatory No. 12, regarding storage of e-discovery, to fully explain where responsive e-discovery is stored and how Plaintiff's counsel and Plaintiff are accessing it to make document productions, including details regarding any relevant email accounts that have been destroyed or are no longer accessible;

- Plaintiff shall provide a supplemental response to Interrogatory No. 14, including identifying the damages he is claiming in this matter and a general basis by which he calculated those damages;
- Plaintiff shall provide a supplemental response to Interrogatory No. 15, including identifying in detail the facts supporting his allegation that STP allegedly created barriers in its contract negotiations with him;
- Plaintiff shall provide a supplemental response to Interrogatory No. 16, including identifying in detail the facts supporting his allegation that STP allegedly failed to pay his wages on time;
- Plaintiff shall provide a supplemental response to Interrogatory No. 17, including identifying in detail all facts supporting his allegation that STP reduced his scope of work to make it not profitable for him;
- Plaintiff shall provide a supplemental response to Interrogatory No. 18, including identifying in detail all facts supporting his allegation that STP made false allegations to WSDOT that Plaintiff "had filed off the VIN numbers from his trucks, resulting in a loss of business for Plaintiff";
- Plaintiff shall provide substantive responses to Interrogatory Nos. 19–23, as the Court does not find that STP's interrogatories exceeded the maximum number of interrogatories permissible under the FRCP 33(a); and
- Further, Plaintiff shall provide Defendants with supplemental document productions in response to Requests for Production No. 7 (bank account statements); No. 13 (damages); No. 17 (instances in which Plaintiff allegedly submitted the lowest bid for a project with STP but was ignored); Nos. 19, 20, and 24 (communications with current or former WST employees or contractors); and No. 21 (communications with third parties, including the union).

IT IS FURTHER ORDERED that, pursuant to FRCP 37(a)(5)(A), the STP Defendants shall be awarded their reasonable fees for bringing the Motion to Compel. The Court expressly finds that the circumstances set forth in FRCP 37(a)(5)(A)(i)–(iii) are not present in this case. Accordingly, the STP Defendants are directed to file a Motion for Award of Costs and Fees within 7 days of this Order. The STP Defendants' motion should describe in detail the amounts they incurred in bringing the motion to compel. Plaintiff will then have an opportunity to respond to the request, after which time the Court will issue an order.

IT IS FURTHER ORDERED that if Plaintiff fails to timely comply with this Order, the STP Defendants may petition the Court for further relief, including by moving for dismissal of this action.

DATED this _6th_ day of September, 2018.

_____
The Honorable Marsha J. Pechman
United States Senior District Court Judge

Presented by:

CALFO EAKES & OSTROVSKY PLLC

By    *s/ Patricia A. Eakes*
      Patricia A. Eakes, WSBA# 18888

By    *s/ Nathan Bays*
      Nathan Bays, WSBA #43025

By    *s/ Lindsey Mundt*
      Lindsey Mundt, WSBA #49394
      1301 Second Avenue, Suite 2800
      Seattle, WA 98101
      Phone: (206) 407-2200
      Fax: (206) 407-2224
      Email:  pattye@calfoeakes.com
              nathanb@calfoeakes.com
              lindseym@calfoeakes.com

*Attorneys for Defendants, Seattle Tunnel Partners, a Joint Venture, Dragados USA and Tutor Perini Corporation*