UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELTON MASON,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON, et al.,<br><br>            Defendants. | CASE NO. C17-186 MJP<br><br>ORDER ON MOTION FOR<br>SANCTIONS: SPOLIATION |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion for Spoliation Sanctions (Dkt. No. 119),

2. Plaintiff's Opposition to Defendants' Motion for Spoliation Sanctions (Dkt. No. 124),

3. Defendants' Reply in Support of Motion for Spoliation Sanctions (Dkt. No. 134),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

# Background

Plaintiff's complaint was filed in February 2017. (Dkt. No. 1.) In March and April 2017, the parties exchanged litigation "hold letters" advising their counterparts not to destroy any information bearing on the case. (Dkt. No. 120, Decl. of Bays, Exs. A and B.) Despite this, Defendants' attempts to obtain copies of some of the email correspondence of Plaintiff's employees[1] have been unsuccessful. It appears at this point that the email accounts of Plaintiff's former employees (and the contents of those accounts) are no longer in existence.

Defendants appear most interested in the email account of a former bookkeeper of Plaintiff's, Clara Myers, who was hired by Plaintiff in August 2014 and fired in December of that year. (Dkt. No. 126, Decl. of Mason, ¶ 8.) Defendants point out that "Ms. Myers… engaged in lengthy email correspondence with STP employee Russell Streadbeck relating to, among other things, the timeliness of STP's payments to WST – one of the primary bases for Plaintiff's retaliation claims." (Dkt. No. 119, Motion at 8; Decl. of Bays, Ex. J.) Further, "Ms. Myers later reported to STP that she had been fired after she confronted Plaintiff about his practice of submitting falsified payroll reports to STP." (Id. at 8-9; Decl. of Bay, Ex. K.)[2]

Records from Plaintiff's internet service provider, GoDaddy, reveal that, in August 2015, following a resumption of service after a temporary suspension of Plaintiff's account for nonpayment, Plaintiff requested GoDaddy to restore all email accounts except for that of Ms. Myers. (Decl. of Bays, Ex. H at 16-18.) In September 2017, GoDaddy migrated Plaintiff's email platform to Microsoft Office 365 and apparently in that process the email accounts of

---

[1] Specifically, correspondence of Plaintiff's "employees, temporary employees or subcontractor" from January 2009 to the present. (Id., Ex. B.)

[2] A claim which Plaintiff denies.

former employees were incompatible with the new system and were not "ported over," resulting in them being lost to Plaintiff and ultimately to the defense as well.

Defendants seek a finding of spoliation of evidence on Plaintiff's part and a sanction of dismissal of all claims.

**Discussion**

In the Ninth Circuit, allegations of spoliation set in motion a two-part inquiry: (1) was there spoliation of evidence, and if so, (2) what is the appropriate sanction? Leon v. IDXSys Corp., 2004 WL 5571412 at *5 (W.D.Wash. Sept. 30, 2004)(*aff'd*, 464 F.3d 951 (9th Cir. 2006)). Assessments of spoliation involve a three-part test:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind;" and (3) that the evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Apple, Inc. v. Samsung Elecs.Co., LTD, 888 F.Supp.2d 976, 989 (N.D.Cal. 2012).

It is the finding of this Court that the series of events which culminated in Plaintiff being unable to produce all the email correspondence of his former employees requested by Defendants does not satisfy the elements of this test. As to the emails of Ms. Myers, Plaintiff does not dispute that he did not preserve them – he requested restoration of all accounts <u>except</u> Ms. Myers' when GoDaddy service was resumed in August 2015. But this was far in advance of his litigation with these Defendants, and the Court can find neither an obligation to preserve the evidence at that point in time nor a "culpable state of mind" in Plaintiff's decision to allow his ex-bookkeeper's account to be deleted. Additionally, Defendants have the option of deposing this witness for the information they seek to discover, so the deletion of the correspondence is not prejudicial to the preparation of their case.

As far as the remainder of the email accounts are concerned, the Court does not find sufficient indicia of culpability to justify the extreme sanction sought by Defendants. Plaintiff claims that he was unaware that the transition to Microsoft Office 365 would result in the deletion of his former employees' email accounts absent any indication to the contrary on his part. This assertion is corroborated by the email from his service provider which represented that "all of your email will be safely moved to the new platform without interrupting your day to day business operations." (Dkt. No. 126-1 Ex. A at 3.)

**Conclusion**

For the most ardently sought-after evidence of which Defendants complain (the Myers' emails), the Court finds that the destruction of this evidence occurred at a time when Plaintiff was under no obligation to preserve it, and that the ability of Defendants to depose this witness further undermines the prejudicial effect of the unavailability of these documents. Defendants have failed to demonstrate a "culpable state of mind" as regards the remainder of the evidence they seek.

Defendants' motion for sanctions based on spoliation of evidence is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 1, 2019.

Marsha J. Pechman
United States Senior District Judge